3014454 ☐ JSL/CVA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL AMERICAN INSURANCE COMPANY, ) ) ) Plaintiff, ) ) v. ) ) THE PROGRESSIVE CORPORATION and ) ARTISAN AND TRUCKERS CASUALTY ) COMPANY, ) ) Defendants. ) | Case No. 1:13-cv-1290 |

**COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF**

Plaintiff, NATIONAL AMERICAN INSURANCE COMPANY (☐NAICO☐), by and through its attorneys, SMITHAMUNDSEN LLC, and for its Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 2201 and 2202 and for Other Relief against THE PROGRESSIVE CORPORATION (☐Progressive☐) and ARTISAN AND TRUCKERS CASUALTY COMPANY (☐Artisan☐), states as follows:

**PARTIES**

1. At all times relevant hereto, Plaintiff NAICO was an insurance company incorporated in Oklahoma with its principal place of business in Chandler, Oklahoma, that issued commercial truckers liability policy to Unlimited Carrier, Inc. (☐Unlimited☐).

2. At all times relevant hereto, Defendant Progressive was an insurance company with its principal place of business in Mayfield Village, Ohio, that issued a commercial auto liability policy to Viktor Barengolts, which included Michael Barengolts as an additional insured.

3. At all times relevant hereto, Defendant Artisan was an insurance company incorporated in Wisconsin with its principal place of business in Mayfield Village, Ohio, that

1

underwrote the commercial auto liability policy issued by Progressive to Viktor Barengolts. Progressive and Artisan are collectively referred to herein as "Progressive/Artisan."

## JURISDICTION

4. The jurisdiction of this Court is premised upon 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## VENUE

5. Venue is premised upon 28 U.S.C. § 1391 in that the accident giving rise to the original litigation, which in turn gives rise to this suit, occurred in this district.

## NATURE OF THE CASE

6. This is an action for declaratory judgment and other relief. NAICO seeks a declaration that Progressive/Artisan owed Viktor and Michael Barengolts a duty to defend and indemnify in the *Bernal* lawsuit (defined below), breached said duty and is thereby estopped from denying defense and/or indemnity to Viktor and Michael Barengolts, and that Progressive/Artisan owe NAICO reimbursement for the costs incurred by NAICO in defending and indemnifying Viktor and Michael Barengolts in the *Bernal* suit.

## THE *BERNAL* SUIT

7. On October 14, 2010, Gustavo and Maria Bernal filed a lawsuit against Unlimited and Viktor Barengolts in the Circuit Court of Will County, Illinois, under Case No. 10 L 822 ("the *Bernal* suit"). Subsequently, the Bernals filed a First and Second Amended Complaint, adding Michael Barengolts and Eduard Gaidishev as party-defendants. The Second Amended Complaint ("the *Bernal* Complaint") is attached hereto and incorporated herein as **Exhibit 1**.

8. The *Bernal* Complaint alleges that on August 23, 2010, Gustavo Bernal was driving his pickup truck with his wife, Maria Bernal, as a passenger, when a tractor negligently driven by

Viktor Barengolts and/or Eduard Gaidishev struck the rear of the pickup truck causing injury to Gustavo and Maria Bernal.

9. The *Bernal* Complaint alleges that the tractor being driven by Viktor Barengolts and/or Eduard Gaidishev contained a USDOT number registered to Unlimited.

10. Counts I and II of the *Bernal* Complaint are directed against Viktor Barengolts and Unlimited. Counts I and II allege that Viktor was operating the tractor as an agent and/or employee of Unlimited at the time of the incident.

11. Counts III and IV of the *Bernal* Complaint are directed against Unlimited and Eduard Gaidishev. Counts III and IV allege that Viktor Barengolts was a passenger in the tractor and that Eduard was operating the tractor within the course and scope of his employment and/or agency relationship with Unlimited at the time of the incident.

12. Counts V and VI are directed against Michael Barengolts and allege that Michael was the owner of the tractor involved in the accident and that Viktor Barengolts was operating the tractor in his capacity as an agent and/or servant of Michael Barengolts at the time of the incident.

13. Counts VII and VIII are directed against Michael Barengolts and allege that Michael was the owner of the tractor involved in the accident and that Eduard Gaidishev was operating the tractor in his capacity as an agent and/or servant of Michael Barengolts at the time of the incident.

## TENDER TO NAICO AND INVESTIGATION

14. Viktor and Michael Barengolts both tendered the *Bernal* suit to NAICO pursuant to a commercial truckers liability policy issued by NAICO to Unlimited, Policy No. SL05050112, which was in effect December 7, 2009 to December 7, 2010 ("the NAICO Policy"). A certified copy of the NAICO Policy is attached hereto as **Exhibit 2**.

3

15. NAICO agreed to defend and indemnify Unlimited, Viktor Barengolts and Michael Barengolts for the *Bernal* suit and investigated the circumstances surrounding the accident. NAICO's defense of Viktor and Michael Barengolts was pursuant to a reservation of rights.

16. NAICO's investigation and discovery in the *Bernal* suit revealed:

    a. Viktor Barengolts was not under dispatch of Unlimited or in the process of picking up a load for Unlimited at the time of the accident;

    b. While Viktor Barengolts had submitted an application to be an owner/operator for Unlimited, he had yet to make a decision or sign the required lease agreement with Unlimited before August 23, 2010, the date of the incident alleged in the *Bernal* suit;

    c. Viktor Barengolts subsequently signed a lease agreement with Unlimited on September 1, 2010;

    d. The tractor allegedly involved in the incident at issue in the *Bernal* suit was owned by Michael Barengolts;

    e. Michael Barengolts was not a party to any lease agreement or contract with Unlimited at the time of the accident;

    f. Michael Barengolts subsequently signed an equipment lease with Unlimited on August 31, 2010;

    g. The tractor in the Bernal accident was not given a placard for Unlimited until September 1, 2010, the day that Viktor Barengolts officially became an owner/operator for Unlimited;

    h. Viktor and/or Michael Barengolts did not have authority to display a placard for Unlimited on the tractor involved in the August 23, 2010 incident until September 1, 2010.

## TENDER TO PROGRESSIVE

17. The defense and indemnity of Viktor and Michael Barengolts was repeatedly tendered to Progressive/Artisan, under a commercial auto liability policy issued to Viktor Barengolts which included Michael Barengolts as an additional insured, Policy No. 07572918-0. The letters tendering to Progressive are attached hereto as **Group Exhibit 3.**

18. Progressive/Artisan has continually denied any obligation to defend and/or indemnify Viktor and/or Michael Barengolts for the *Bernal* suit. Progressive/Artisan's letters responding to the tenders are attached hereto as **Group Exhibit 4**. Progressive has not sought a declaratory judgment as to its rights and obligations with respect to the *Bernal* suit.

## SETTLEMENT

19. On November 1, 2012, the parties in the *Bernal* lawsuit went to non-binding mediation.

20. The parties reached a settlement, in which NAICO, on behalf of Unlimited, Viktor Barengolts, Michael Barengolts, and Eduard Gaidishev, agreed to pay $50,000 to Gustavo Bernal and $48,750 to Maria Bernal.

21. As part of the settlement NAICO reserved all rights against Progressive/Artisan.

22. Representatives from Progressive/Artisan participated in the mediation via telephone, but Progressive/Artisan did not contribute any amounts to the settlement.

## THE PROGRESSIVE/ARTISAN POLICY

23. Progressive issued a policy of Commercial Auto Insurance Coverage to Viktor Barengolts, underwritten by Artisan, Policy No. 07572918-0, effective from August 4, 2010 to August 4, 2011 (the "Progressive/Artisan policy"), which covered the tractor involved in the accident giving rise to the *Bernal* suit. Pertinent parts of the Progressive/Artisan policy are attached as **Exhibit 5**. Plaintiff is not in possession of a complete, certified copy of the Progressive/Artisan

5

policy, but believes that Defendants can produce a complete copy. To the extent necessary, NAICO will amend this Complaint to include a certified copy of the Progressive/Artisan policy.

24. Michael Barengolts is listed as an additional insured under the Progressive/Artisan policy. *Id.*

25. The Progressive/Artisan policy provides commercial auto liability coverage to Viktor and Michael Barengolts for bodily injury and property damage caused by an occurrence and resulting from the ownership, maintenance or use of a covered auto.

26. The Progressive/Artisan policy includes the following Contingent Liability Endorsement:

**Contingent Liability Endorsement**
**Limited Liability Coverage for Non-Trucking Use of an Automobile**

\* \* \* \*

**We** agree with **you** that the provisions of the policy relating to **Bodily Injury Liability** and **Property Damage Liability** are subject to the following limitations:

1. These coverages do not apply when the **insured auto** is being operated, maintained or used for or on behalf of anyone else or any organization whether or not for compensation.

2. These coverages do not apply when the **insured auto** is being used to transport goods or merchandise, or while the goods or merchandise are being loaded or unloaded from the **insured auto**.

*See* Exhibit 5 at p. 13.

## COUNT I – DECLARATORY JUDGMENT

27. Plaintiff realleges and incorporates paragraphs 1 through 26 above as though fully set forth herein.

28. An actual controversy exists between the parties concerning whether Progressive/Artisan owes Viktor and Michael Barengolts a duty of defense and/or indemnification for the *Bernal* suit.

29. Pursuant to 28 U.S.C. § 2201 and 2202, this Court is granted the power to determine and adjudicate the rights and obligations of the parties hereto.

WHEREFORE, for the reasons set forth above, NAICO prays that this Court enter a judgment, finding and declaring that:

A. Viktor Barengolts was not operating, maintaining or using the tractor for or on behalf of Unlimited or anyone else at the time of the accident;

B. Progressive/Artisan owe Viktor and Michael Barengolts a primary and non-contributory duty to defend and indemnify them in the *Bernal* suit;

C. Progressive/Artisan has breached its duty to defend and indemnify Viktor and Michael Barengolts; and

D. Progressive/Artisan is estopped from raising policy defenses to its duty to defend and/or indemnify Viktor and Michael Barengolts.

NAICO further prays for an award of their costs incurred herein and for such further relief as this Court deems just.

### COUNT II – RECOVERY OF DEFENSE AND INDEMNITY EXPENSES BASED ON EQUITABLE SUBROGATION

30. Plaintiff realleges and incorporates paragraphs 1 through 29 as though fully set forth herein.

31. Because Progressive/Artisan breached its duty to defend and indemnify Viktor and Michael Barengolts in the *Bernal* suit, NAICO defended and indemnified Viktor and Michael Barengolts.

32. Based on the doctrine of equitable subrogation, NAICO is entitled to reimbursement from Progressive/Artisan of all defense costs and expenses that NAICO has paid on behalf of Viktor and Michael Barengolts since the time Progressive/Artisan's duty to defend was triggered,

7

which total approximately $60,000, and all indemnity expenses that NAICO has paid on behalf of Viktor and Michael Barengolts, totaling $98,750.

WHEREFORE, for the reasons set forth above, NAICO prays that judgment will be entered in its favor and against Progressive/Artisan in the amount of all costs and expenses incurred by NAICO in the defense and indemnity of Viktor and Michael Barengolts in the *Bernal* suit and any applicable interest, plus NAICO's costs incurred herein and for such other relief as this Court deems just.

### COUNT III – CONTRACTUAL SUBROGATION

33. Plaintiff realleges and incorporated paragraphs 1 through 32 as though fully set forth herein. This count is pleaded in the alternative and without prejudice.

34. The NAICO Policy contains a "Transfer of Rights" condition which provides as follows:

> **5. Transfer Of Rights Of Recovery Against Others To Us**
>
> If any person or organization to or for whom we make payment under this Coverage Form has rights to recover damages from another, those rights are transferred to us. That person or organization must do everything necessary to secure our rights and must do nothing after "accident" or "loss" to impair them.
>
> * * *

Exhibit 2 at p.61.

35. Pursuant to the "Transfer of Rights" condition, Viktor and Michael Barengolts rights against Progressive are transferred to NAICO.

36. Additionally, both Viktor and Michael Barengolts have specifically assigned to NAICO any and all rights against Progressive.

37. Based on Progressive/Artisan breach of its duty to defend and indemnify Viktor and Michael Barengolts, NAICO is contractually subrogated to the rights of Viktor and Michael

8

Barengolts against Progressive/Artisan and is entitled to reimbursement for all defense and indemnity costs and expenses that NAICO has paid on behalf of Viktor and Michael Barengolts since the time Progressive/Artisan's duty to defend was triggered, which total approximately $60,000, and all indemnity expenses that NAICO has paid on behalf of Viktor and Michael Barengolts, totaling $98,750.

WHEREFORE, for the reasons set forth herein, NAICO prays that judgment be entered in its favor and against Progressive/Artisan in the amount of all costs and expenses NAICO incurred in the defense and indemnity of Viktor and Michael Barengolts in the *Bernal* suit and any applicable interest.

## COUNT IV – EQUITABLE CONTRIBUTION

38. Plaintiff realleges and incorporated paragraphs 1 through 37 as though fully set forth herein. This count is pleaded in the alternative and without prejudice.

39. Based on the allegations of the *Bernal* complaint, both the NAICO policy and the Progressive/Artisan policy covered Michael and Viktor Barengolts for actual or alleged liability arising out of Viktor's alleged operation and Michael's ownership of the truck involved in the accident.

40. There is sufficient identity of the risks covered by the NAICO policy and the Progressive/Artisan policy to entitle NAICO to recover a 50% share of all defense and indemnity costs and expenses that NAICO has paid on behalf of Viktor and Michael Barengolts since the time Progressive/Artisan's duty to defend Viktor and Michael Barengolts was triggered, based on the doctrine of equitable contribution.

WHEREFORE, for the reasons set forth herein, NAICO prays that judgment be entered in its favor and against Progressive/Artisan in the amount of 50% of all costs and expenses incurred by

NAICO in the defense and indemnity of Viktor and Michael Barengolts in the *Bernal* suit and any applicable interest, and for such other relief as this Court deems just.

                                       Respectfully submitted,

                                       NATIONAL AMERICAN INSURANCE COMPANY


                             By: /s/Christine V. Anto
                                 One of Its Attorneys

                                 Jamie S. Lane
                                 Christine V. Anto, ARDC 6276102
                                 SmithAmundsen LLC
                                 150 North Michigan Avenue
                                 Suite 3300
                                 Chicago, Illinois 60601
                                 Phone: (312) 894-3307
                                 Fax:     (312) 997-1735