261.13007 JO/RP

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NATIONAL AMERICAN INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | No. 1:13-cv-01290 |
| vs. | ) ) ) | (J. Tharp, Jr. Magistrate J. Mason) |
| THE PROGRESSIVE CORPORATION; ARTISAN AND TRUCKERS CASUALTY COMPANY | ) ) ) | |
| Defendants. | ) | |

**DEFENDANT'S MOTION TO DIRECT AN ENTRY OF JUDGMENT PURSUANT TO F.R.C.P. 58 OR IN THE ALTERNATIVE TO AMEND THE MAY 15, 2014 OPINION AND ORDER AND DIRECT JUDGMENT PURSUANT TO F.R.C.P 54(b)**

NOW COMES Defendant, ARTISAN AND TRUCKERS CASUALTY COMPANY, by and through their attorneys, CHILTON YAMBERT PORTER LLP, and as for its Motion to Direct an Entry of Judgment Pursuant to F.R.C.P. 58, or In the Alternative to Amend the May 15, 2014 Opinion and Order and Direct Judgment Pursuant to F.R.C.P. 54(b), states as follows:

1. On June 6, 2014, Artisan and Truckers Casualty Company ("Artisan"), filed its Notice of Appeal of this Court's award of summary judgment to the Plaintiff and denial of Defendant's cross-motion for summary judgment in relative to claims for insurance coverage. (Document #50). Artisan's Notice of Appeal to the Seventh Circuit Court of Appeals is attached hereto as Exhibit "A".

2. As this Court is aware, Artisan appeals from a Memorandum Opinion and Order entered pursuant to requests for Declaratory Judgment under 28 U.S.C. § 2201(a), which provides that:

> (a) In a case of actual controversy within its jurisdiction...upon the filing of an appropriate pleading, may declare the rights and other legal relations of any

1

interested party seeking such declaration, whether or not further relief is or could be sought. **Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such**.

28 U.S.C. § 2201(a) (emphasis added).

3. While this Court's Memorandum Opinion and Order did not "set the amount of damages" because Plaintiff has not submitted an accounting of defense costs from the underlying litigation, the Court made specific declarations, that: 1) Artisan had a duty to defend, breach its duty defend; 2) Artisan is estopped from asserting coverage defenses; and 3) that NAICO is entitled to reimbursement from Artisan for all costs incurred in connection with its defense and indemnity of the underlying claims. (Document #50 at p. 26).

4. Accordingly, Artisan has interpreted these coverage declarations as a "final judgment or decree" and "reviewable as such." 28 U.S.C. § 2201(a). Therefore, Artisan preserved its right to appeal by timely filing its Notice of Appeal, while moving to stay the setting of a judgment for sum certain pending the appeal. (See, Document #52).

5. However, Artisan appreciates that this Court did not enter a Judgment pursuant to F.R.C.P. Rule 58(a), setting forth the Judgment by separate document. Pursuant to F.R.C.P., "a party may request that judgment be set out in a separate document as required by F.R.C.P. 58(a). Accordingly, Artisan requests that a judgment be set out relative to the Declaratory Judgment and providing that the monetary award may be set, if necessary, depending upon the outcome of the Appeal.

6. Artisan also appreciates that on June 9, 2014, the United States Court of Appeals for the Seventh Circuit entered an Order indicating that the May 15, 2014, Memorandum Opinion and Order may not be final and appealable because this Court "must determine the

amount of damages that the Plaintiff is to be awarded." The Seventh Circuit's Order is attached hereto as Exhibit "B".

7. Accordingly, in the alternative, Artisan seeks a finding that the entry of the Declaratory Judgment is final appealable without just reason for delay consistent with F.R.C.P 54(b).

8. F.R.C.P 54(b) states:

[w]hen an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims, or parties only if the court expressly determines that there is no just reason for delay.

9. The United States Supreme Court has held that separate claims for F.R.C.P 54(b) purposes can arise out of the same transaction and can overlap in important aspects. *Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956); *see also Cold Metal Process Co. v. United Engineering & Foundry Co.*, 351 U.S. 445, 451-52 (1956).

10. In *Local P-171 v. Thompson*, the Seventh Circuit reviewed the general definition of what constitutes separate claims as meant by FRCP 54(b). *Local P-171, Amalgamated Meat Cutters and Butcher Workmen of North America v. Thompson Farms Co.*, 642 F.2d 1065, 1070 (7th Cir. 1981). The Seventh Circuit noted that the district court has discretion in granting F.R.C.P 54(b) certification and that it "involves a balancing of the value of the accelerated repose to the litigants against the potential inconvenience to the appeals court posed by overlap between certified claims and noncertified claims . . ." *Id.*

11. The Seventh Circuit also held, that at a minimum, "claims cannot be separate unless separate recovery is possible." *Id.* Here, Artisan has construed NAICO's claims as inseparable because the claim for Declaratory Judgment seeks coverage finds, but not necessarily monetary recovery. The claims for reimbursement flow from the threshold claim for coverage.

However, the Seventh Circuit has raised concern over whether the claims are separate and to the extent they are, Artisan requests F.R.C.P. 54(b) certification.

12. Specifically, NAICO's Complaint alleges 4 Counts, including Count I, Declaratory Judgment, Count II, Recovery of Defense and Indemnity Expenses Based on Equitable Subrogation, Count III, Contractual Subrogation, and Count IV, Equitable Contribution. NAICO's Complaint is attached hereto as Exhibit "C" (Exhibits to Complaint omitted).

13. Count I seeks a declaration of rights as to insurance coverage in the underlying Bernal litigation while, Count II through IV seek monetary awards based on theories Equitable Subrogation, Contractual Subrogation and Equitable Contribution. *See* Exhibit C.

14. To the extent Count I and Counts II through IV are more appropriately interpreted as separate claims, Artisan requests this Honorable Court to Amend the May 15, 2014 Memorandum Order and Opinion to direct an entry of a final judgment pursuant to F.R.C.P 54(b) as to the Count for Declaratory Judgment and further declare that all claims, but the setting of a sum certain amount of the judgment, are appealable without just reason for delay. Further, it is requested that a Judgment by separate document under F.R.C.P. 58 be entered on the final judgment certified under F.R.C.P. 54(b).

15. This Court has authority to Amend the May 15, 2014 Order. The Seventh Circuit has held that premature Notices of Appeal do not prevent the judge from correcting an oversight and entering a final judgment. *Metropolitan Life Ins. Co. v. Estate of Cammon*, 929 F.2d 1220, 1222 (7th Cir. 1991). Further, a premature Notice of Appeal will "spring forward" to the date on which a judgment technically has become final, thus conferring jurisdiction of the Court of Appeals at the time the judgment is entered." *Roe v. Elyea*, 631 F.3d 843, 854 (7th Cir. 2011)

(citing *A Bauer Mech, Inc. v. Joint Arbitration Bd.*, 562 F.3d 784, 789 (7th Cir. 2009)); *see also Garwood Packaging, Inc. v. Allen & Co.*, 378 F.3d 698, 701 (7th Cir. 2004) (quoting "once the decision is announced, a premature notice of appeal lingers until the final decision is entered.").

16. Therefore, once this Court enters a judgment under F.R.C.P. 58(a) either on the original May 15, 2014 Memorandum Opinion and Order or upon making an F.R.C.P 54(b) finding, the Notice of Appeal will "spring forward" and any perceived technical defects in conferring jurisdiction upon the Appellate Court should be cured.

WHEREFORE, Defendant, ARTISAN AND TRUCKERS CASUALTY COMPANY, request that this honorable Court:

1) Enter Judgment by separate document pursuant to F.R.C.P. 58(a) on the Declaratory Judgment awarded pursuant to its May 15, 2014 Memorandum Opinion and Order and stay the setting of a monetary award for a sum certain pending Artisan's Appeal of the May 15, 2014 declaration of judgment;

2) In the alternative, Amend its May 15, 2014 Memorandum Opinion and Order to make a finding pursuant to F.R.C.P. 54(b) that the declaration of Judgment in the May 15, 2014 on the issue of coverage is a "final judgment as to one or more claims" and expressly determine "that there is no just reason to delay" the appeal of the declaratory judgment. Further, it is requested that the Court Enter Judgment by separate document pursuant to F.R.C.P. 58(a);

3) Award any additional relief or make any additional findings the Court deems proper under the circumstances.

Respectfully Submitted,

CHILTON YAMBERT PORTER, LLP

*/s/ Jason Orleans*

Jason Orleans
Bill Porter
CHILTON YAMBERT PORTER LLP
325 Washington Street, Suite 400
Waukegan, IL 60085
(847) 625-8200
(847) 625-8262 - facsimile

5